UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKIE GONZALEZ,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Civ. No. 21-19135 (RBK)<br><br>**MEMORANDUM AND ORDER** |

 *Pro se* Petitioner is a federal prisoner. He seeks to file what this Court construes a motion to vacate, set aside or correct his sentence pursuant 28 U.S.C. § 2255.[1] Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the § 2255 form supplied by the Clerk of this Court for section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). Thus, this matter will be administratively terminated.

---

[1] This Court construes Petitioner's filing as seeking relief under 28 U.S.C. § 2255 and not 28 U.S.C. § 2241. Petitioner's filing did not include either a $5.00 filing fee or an application to proceed *in forma pauperis*, one of which would be required for Petitioner to proceed under § 2241, but neither of which is necessary to proceed under § 2255. Thus, even if this Court were to construe Petitioner's filing as under § 2241, this matter would still be administratively terminated for this procedural defect. Nevertheless, if Petitioner instead seeks to proceed under § 2241 rather than § 2255, he can so alert this Court in writing in any request to reopen. However, for this Court to consider this action as a § 2241 on the merits, Petitioner would also need to include either the $5.00 filing fee or a complete application to proceed *in forma pauperis* by a prisoner in a habeas case in any request to reopen.

Therefore, IT IS on this 7th day of December, 2021,

ORDERED that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that the § 2255 motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, within thirty (30) days of the date of entry of this memorandum and order; Petitioner's writing shall include a complete, signed § 2255 motion on the appropriate form supplied by the Clerk; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed § 2255 motion supplied by the Clerk, the Clerk will be directed to reopen this case; and it is finally

ORDERED that the Clerk shall serve a copy of this memorandum and order and a blank section 2255 form - AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014) on Petitioner by regular U.S. mail.

s/ Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge